1
2
3
4
5
6
7
8                              **UNITED STATES DISTRICT COURT**

9                              **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CHRISTOPHER BULLOCKS,              )   NO. CV 05-368-E
                                        )
12                      Plaintiff,      )
                                        )
13        v.                            )   **MEMORANDUM OPINION**
                                        )
14   JO ANNE B. BARNHART, COMMISSIONER  )   **AND ORDER OF REMAND**
     OF SOCIAL SECURITY ADMINISTRATION, )
15                                      )
                                        )
16                      Defendant.      )
     _____)

17

18        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19   HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20   judgment are denied and this matter is remanded for further

21   administrative action consistent with this Opinion.

22

23                              **PROCEEDINGS**

24

25        Plaintiff filed a complaint on January 14, 2005, seeking

26   review of the Commissioner's denial of benefits.  The parties filed

27   a consent to proceed before a United States Magistrate Judge on

28   February 24, 2005.

1  Plaintiff filed a motion for summary judgment on July 1, 2005.
2  Defendant filed a cross-motion for summary judgment on August 1,
3  2005.  The Court has taken the motions under submission without oral
4  argument.  See L.R. 7-15; "Order," filed January 26, 2005.
5
6  **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**
7
8  Plaintiff asserts he has been disabled since September 30,
9  2001 (Administrative Record ("A.R.") 87).  Plaintiff has no past
10  relevant work history (A.R. 18).
11
12  The Administrative Law Judge ("ALJ") found Plaintiff has
13  severe impairments, including a severe mental impairment, but retains
14  the residual functional capacity "to perform simple unskilled work
15  activity involving simple judgments and decisions" (A.R. 25).  In
16  purported reliance on the testimony of a vocational expert, the ALJ
17  identified particular jobs Plaintiff assertedly can perform
18  notwithstanding Plaintiff's mental impairment (A.R. 24-25).  The
19  Appeals Council denied review (A.R. 7-9).
20
21  **STANDARD OF REVIEW**
22
23  Under 42 U.S.C. section 405(g), this Court reviews the
24  Commissioner's decision to determine if: (1) the Commissioner's
25  findings are supported by substantial evidence; and (2) the
26  Commissioner used proper legal standards.  See Swanson v. Secretary,
27  763 F.2d 1061, 1064 (9th Cir. 1985).
28  ///

**DISCUSSION**

After a severely impaired claimant demonstrates he or she has no past relevant work history "the burden shifts to the [Administration] to show that there are other jobs in the economy that the claimant can nonetheless perform." Dionne v. Heckler, 585 F. Supp. 1055, 1059 (D. Me. 1984) (citations and quotations omitted); accord Malin for Malin v. Sullivan, 1991 WL 243825 *1 (E.D. Pa. Nov. 14, 1991); see also Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985) (burden shifts similarly where claimant demonstrates inability to perform past relevant work). Where, as here, the ALJ finds significant, non-exertional limitations, the ALJ may not use the Grids to prove the existence of jobs that the claimant can perform. See Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988). "In such circumstances, the [ALJ] must take the testimony of a vocational expert and identify specific jobs within the claimant's capabilities." Burkhart v. Bowen, supra (citations omitted).

Unless the hypothetical questions posed to the vocational expert "set out all of the claimant's impairments," the vocational expert's testimony cannot constitute substantial evidence to support the Administration's findings. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984); see Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir. 1987) ("Hypothetical questions must set out the limitations of [the] particular claimant").

///

///

3

1    In the present case, the Court cannot conclude from the

2 existing record that the Administration properly carried the burden

3 of demonstrating the existence of jobs Plaintiff can perform.  The

4 ALJ appears to have relied on a vocational expert's answer to a

5 hypothetical question that may have failed to set forth all of

6 Plaintiff's limitations.  Further, the ALJ appears to have

7 interpreted a treating physician's report in a manner that may have

8 been contrary to the treating physician's intendment.

9

10    Plaintiff's treating psychiatrist, and the ALJ, stated

11 Plaintiff's mental problems "moderately" limit Plaintiff's ability to

12 function in numerous respects (A.R. 19, 250-55).  The assessment

13 report in which the treating physician so stated defines "moderately

14 limited" as "an impairment which affects but does not preclude

15 ability to function" (A.R. 250).  The ALJ expressly stated that the

16 treating physician's "assessment is consistent with the conclusion

17 reached in this decision" (A.R. 22).

18

19    The questioning of the vocational expert resulted in a

20 confused record regarding Plaintiff's ability to work.[1]   The

21 vocational expert testified that a person having no limits on

22 understanding, remembering and carrying out simple instructions and

23 no limits on making simple judgments in work-related decisions could

24 perform certain jobs (A.R. 352).  The vocational expert also

25 testified, however, that a person having the specific moderate

26 ───────────────────

27 [1]    The vocational expert's testimony is crucial because the
Administration may not speculate concerning the requirements

28 of particular jobs.  See Burkhart v. Bowen, 856 F.2d 1335, 1341
(9th Cir. 1988).

4

1    limitations Plaintiff's treating physician found to exist could not

2    perform any work (A.R. 353-54).   Contrary to Defendant's assertion,[2/]

3    the ALJ expressly defined for the vocational expert the term

4    "moderately limited" by using the same definition set forth in the

5    treating physician's assessment report (A.R. 353).

6

7        The evidence currently of record does not suffice to carry

8    the Administration's burden of demonstrating the existence of jobs

9    Plaintiff can perform.   Defendant apparently contends that the

10   hypothetical question regarding a restriction to "simple

11   instructions" and "simple judgments" properly accounts for all of

12   the "moderate" mental limitations set forth in the treating

13   physician's assessment report.   This argument appears dubious in

14   light of the vocational expert's testimony, and in light of

15   authorities suggesting that a limitation to simple work may not

16   account for moderate deficiencies in concentration.   See, e.g.,

17   Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1986).   At a minimum, if

18   there is any ambiguity regarding the treating physician's intent in

19   applying the "moderately limited" terminology, the ALJ must attempt

20   to contact the treating physician to obtain clarification.   See 20

21   C.F.R. § 404.1512(e) (the Administration "will seek additional

22   evidence or clarification from your medical source when the report

23   from your medical source contains a conflict or ambiguity that must

24   be resolved . . ."); see also Smolen v. Chater, 80 F.3d 1273, 1288

25   (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of

26   Dr. Hoeflich's opinions in order to evaluate them, he had a duty to

27

28   [2/]   The erroneous assertion appears at page 4, lines 20-22 of
     Defendant's Cross-Motion, filed August 1, 2005.

1  conduct an appropriate inquiry, for example, by subpoenaing the

2  physicians or submitting further questions to them.  He could also

3  have continued the hearing to augment the record") (citations

4  omitted); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the

5  ALJ has a special duty to fully and fairly develop the record and to

6  assure that the claimant's interests are considered").[3/]

7

8      When a court reverses an administrative determination, "the

9  proper course, except in rare circumstances, is to remand to the

10  agency for additional investigation or explanation."  INS v. Ventura,

11  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

12  proper where, as here, additional administrative proceedings could

13  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

14  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

15  1496, 1497 (9th Cir. 1984).

16

17      The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

18  (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not

19  compel a reversal rather than a remand of the present case.  In

20  Harman, the Ninth Circuit stated that improperly rejected medical

21  opinion evidence should be credited and an immediate award of

22  benefits directed where "(1) the ALJ has failed to provide legally

23  sufficient reasons for rejecting such evidence, (2) there are no

24  outstanding issues that must be resolved before a determination of

25

26  [3/]    If the ALJ disagrees with an opinion intended by the
    treating physician, the ALJ must set forth "specific, legitimate"
27  reasons or "clear and convincing" reasons for doing so, depending
    on whether the treating physician's opinion is contradicted or
28  uncontradicted.  See Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir.
    1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[4] the Harman holding does not direct reversal of the present case. Here, it is unclear whether the ALJ improperly rejected the medical opinion evidence. The ALJ may have adopted the evidence, but misconstrued it. Further, the ALJ must contact the treating physician concerning "outstanding issues that must be resolved before a determination of disability can be made." Finally, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the treating physician's opinions (even as interpreted by Plaintiff) fully credited.

///
///
///
///
///
///
///
///
///
///

---

[4]   The Ninth Circuit has continued to apply Harman despite INS v. Ventura. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 8, 2005.


_____
                    /S/
                CHARLES F. EICK
        UNITED STATES MAGISTRATE JUDGE